Stephen J. Joncus
Oregon Bar No. 013072
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Plaintiff Tiberiu S. Kiss*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Tiberiu S. Kiss**, <br><br> Plaintiff, <br><br> v. <br><br> **Best Buy Stores, Limited Partnership**; and **John Doe**, <br><br> Defendants. | Case No.: 22-cv-00281 <br><br> **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** <br><br><br> **Demand for Jury Trial** |

## PARTIES

1. Tiberiu S. Kiss (Mr. Kiss) is an individual residing in Scappoose, Oregon.

2. Defendant Best Buy Stores, Limited Partnership ("Best Buy") is limited partnership registered under the laws of Virginia with a retail store located at 3055 SW Cedar Hills Blvd., Beaverton, OR 97002 ("Beaverton Best Buy"). Best Buy is registered

to do business in Oregon as a foreign entity. Best Buy may be served through its registered agent CT Corporation System, 780 Commercial St SE Ste 100, Salem, Oregon 97301.

3. Defendant John Doe is an employee of the Best Buy retail store in Cedar Hills with the first name of Ben and who claimed to be a manager.

## JURISDICTION

4. This action arises under federal law, including 42 U.S.C. § 1983 and 1988, to redress the deprivation, under the color of state law, of rights, privileges, and immunities secured to Plaintiffs by the Constitution of the United States.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has personal jurisdiction over the Defendants because they have committed acts in this district that violate the rights of Plaintiffs protected by the Constitution and laws of the United States.

6. Plaintiff seek damages and injuctive relief for the violation of his rights under the Constitution, laws of the United States, and laws of Oregon.

## BACKGROUND

7. The Beaverton Best Buy store posts a sign stating that everyone who enters must wear a face mask.

8. On November 13, 2021, Mr. Kiss entered the Beaverton Best Buy and was immediately confronted by store employees who told him that he had to put on a

mask. Mr. Kiss was informed that, per the Governor's mandate, Mr. Kiss had to wear a mask to shop at Best Buy.

9. Mr. Kiss informed the employees that he had a medical condition, and a doctor's note to prove it, that prevented him from wearing a mask.

10. John Doe and one other employee would not allow Mr. Kiss to go into the store to shop. John Doe walked in front of Mr. Kiss, and bumped him to block his way into the store.

11. Then John Doe went to call the police, while instructing another employee to watch Mr. Kiss and ensure that he did not enter the store. John Doe also instructed the cashiers not to allow Mr. Kiss to pay for anything.

12. Due to the confrontation, other customers started to film the incident, while John Doe kept repeating that Mr. Kiss had to leave the store because he was not wearing a mask.

13. Mr. Kiss explained that he was unable to wear a mask due to his medical condition. John Doe's response was to take that up with the Governor because Best Buy was only doing what the Governor told them to do.

14. Mr. Kiss explained that Best Buy could not discriminate against him because of his disability.

15. Mr. Kiss has a disability that prevents him from wearing a mask. At no time did Best Buy acknowledge their duty to not discriminate against Mr. Kiss because of his disability. At no time did Best Buy offer Mr. Kiss an accommodation.

16. Best Buy treated Mr. Kiss like a criminal. They told Mr. Kiss that they did not care about his medical condition. Mr. Kiss suffered, and continues to suffer, from emotional and mental distress due to Best Buy's abhorrent behavior.

17. Mr. Kiss has a constitutionally protected interest to not be coerced into wearing a face mask.

18. The use of face masks is only authorized under an experimental use authorization (EUA) issued by the FDA. Mr. Kiss has a federal statutory right to informed consent to any requirement to wear a face mask

19. Best Buy is prohibited by Federal and State law from discriminating against Mr. Kiss because of his disability.

## Best Buy is a State Actor

20. Administrative Rule OAR 333-019-1025 requires that: "Individuals, regardless of vaccination status, are required to wear a mask, face covering or face shield except as exempted in section (5) of this rule when in an indoor space."

21. Administrative Rule OAR 333-019-1025 further provides: "A person responsible for an indoor space must: . . . (b) Make reasonable efforts to ensure

customers, guests, visitors and other individuals comply with this rule within the indoor space."

22.     Administrative Rule OAR 333-019-1025 further provides: "Any person who violates any provision of this rule is subject to civil penalties of up to $500 per day per violation."

23.     Best Buy's corporate policy states that it will enforce mask rules required by state or local order.

24.     Best Buy does not coerce customers to wear face masks in states that do not have a mask mandate. The sole reason that the Beaverton Best Buy coerced Mr. Kiss to wear a facemask is because of Oregon's administrative rule OAR 333-019-1025.

25.     Defendants were enforcing Oregon's rule when it insisted that Mr. Kiss wear a mask or leave the premises.

26.     Face masks are purportedly intended to help control the spread of COVID-19. Protection of the public's health from infectious diseases is a public function that is exclusively and traditionally governmental. Defendants were performing a traditionally and exclusively governmental function when they coerced Mr. Kiss to wear a face mask.

27.     Defendants were willfully participating in a joint activity with the State of Oregon when it insisted that Mr. Kiss wear a mask or leave the premises. Defendants,

called the police to force Mr. Kiss to leave the Beaverton Best Buy store because he refused to follow Oregon's administrative rule for face masks.

28. Through its $500 per violation fine, Oregon has coerced, or significantly encouraged, Defendants to coerce Best Buy customers into wearing face masks.

29. John Doe was enforcing Oregon's rule when he insisted that Mr. Kiss wear a mask or leave the premises. John Doe was willfully participating in a joint activity with the State of Oregon or he was coerced by the State of Oregon when he insisted that Mr. Kiss wear a mask or leave the premises.

30. Defendants coerced Mr. Kiss by harassing him to put on a face mask, by threatening Mr. Kiss that they would call the police if he did not put on a face mask, by calling the police, and by attempting to get Mr. Kiss arrested and/or charged with trespassing for not putting on a face mask.

31. By harassing Mr. Kiss to put on a face mask, by threatening Mr. Kiss that they would call the police if he did not put on a face mask, by calling the police, and by attempting to get Mr. Kiss arrested and/or charged with trespassing for not putting on a face mask, Defendants are state actors and was acting under the color of state law.

## FIRST CLAIM FOR RELIEF

### ILLEGAL COERCION OF HUMAN BEINGS TO WEAR EXPERIMENTAL MEDICAL DEVICE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT

### (42 U.S.C. § 1983)

32. Plaintiffs realleges and incorporate by reference the foregoing allegations as if fully set forth herein.

33. The 14th Amendment, Section 1, provides:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

34. Mr. Kiss has a constitutionally protected liberty interest to refuse medical treatment under the Due Process Clause of the 14th Amendment. For experimental medical devices such as a face mask, Mr. Kiss's liberty interest means that he is free to exercise his power of choice. No element of force, fraud, deceit, duress, over-reaching, or other ulterior form of constraint or coercion may be used to get Mr. Kiss to wear a mask. Mr. Kiss's right to free exercise his power of choice for wearing an experimental medical device is a fundamental right.

35. The State of Oregon's mask rule OAR 333-019-1025 coerces citizens to wear an experimental medical device in violation of the rights of citizens guaranteed under the 14th Amendment.

36. The State of Oregon's mask rule OAR 333-019-1025 is unconstitutional.

37. Defendants are state actors and/or operating under the color of law when they attempted to enforce Oregon's mask rule and applied coercion in their attempt to persuade Mr. Kiss to wear a face mask.

38. Mr. Kiss asserts his constitutional rights against Defendants pursuant to 42 U.S.C. § 1983. Each of the Defendants, are state actors and acted under the color of law, to violate Mr. Kiss's constitutional rights.

## SECOND CLAIM FOR RELIEF

**VIOLATION OF RIGHT TO INFORMED CONSENT PURSUANT TO FEDERAL LAW**

**(42 U.S.C. § 1983)**

39. Plaintiff realleges and incorporate by reference the foregoing allegations as if fully set forth herein.

40. Pursuant to 21 U.S.C. § 360bbb-3, individuals have the option to accept or refuse use of a face mask.

41. The United States Constitution and federal laws are the supreme law of the land and supersede conflicting laws of the State of Oregon. Mr. Kiss's right to informed consent under 21 U.S.C. § 360bbb-3 supersedes Oregon's administrative rule OAR 333-019-1025.

42. Mr. Kiss had the absolute right to refuse to wear a face mask.

43. In violation of federal law, Defendants failed to acknowledge Mr. Kiss's right to refuse to wear a face mask.

44. Mr. Kiss asserts his rights under federal law against Defendants pursuant to 42 U.S.C. § 1983. Each of the Defendants, acting under the color of law, have violated Plaintiffs' right to refuse to wear an experimental medical device.

### THIRD CLAIM FOR RELIEF

**DISABILITY DISCRIMINATION – AMERICANS WITH DISABILITIES ACT 42 USC § 12182**

**(42 U.S.C. § 1983)**

45. Plaintiff realleges and incorporate by reference the foregoing allegations as if fully set forth herein.

46. The Beaverton Best Buy store is a place of public accommodation.

47. Federal law prohibits anyone operating a place of public accommodation to discriminate against any individual on the basis of disability.

48. Mr. Kiss has a disability that prevents him from wearing a mask.

49. Best Buy denied entry to Mr. Kiss because of his disability.

50. Best Buy failed to offer or make any reasonable accommodation for Mr. Kiss' disability.

51. Best Buy discriminated against Mr. Kiss in violation of federal law.

52. Mr. Kiss is entitled to an injunctive relief against Best Buy.

## FOURTH CLAIM FOR RELIEF

### DISABILITY DISCRIMINATION – ORS § 659A.142(4)

53. Plaintiff realleges and incorporate by reference the foregoing allegations as if fully set forth herein.

54. The Beaverton Best Buy store is a place of public accommodation.

55. State law prohibits anyone operating a place of public accommodation to discriminate against any individual on the basis of disability.

56. Mr. Kiss has a disability that prevents him from wearing a mask.

57. Best Buy denied entry to Mr. Kiss because of his disability.

58. Best Buy failed to offer or make any reasonable accommodation for Mr. Kiss' disability.

59. Best Buy discriminated against Mr. Kiss in violation of Oregon law.

60. Mr. Kiss is entitled to an injunctive relief and damages against Best Buy.

## FIFTH CLAIM FOR RELIEF

### NEGLIGENCE PER SE

61. Plaintiff realleges and incorporate by reference the foregoing allegations as if fully set forth herein.

62. Oregon law provides that no health authority or their representatives may interfere in an individual's right to choose a mode of medical treatment. ORS § 431.180.

63. A face mask a mode of medical treatment, allegedly to prevent the spread of COVID-19.

64. Best Buy violated Mr. Kiss' right pursuant to ORS § 431.180 to choose not to wear a mask.

65. Mr. Kiss was injured as a result of Best Buy's violation.

66. Mr. Kiss is among the class of persons meant to be protected by the statute.

67. The injury suffered by Mr. Kiss is of a type that the statute was enacted to prevent.

### SIXTH CLAIM FOR RELIEF

#### ASSAULT

68. Plaintiff realleges and incorporate by reference the foregoing allegations as if fully set forth herein.

69. John Doe, as an agent of Best Buy, bumped Mr. Kiss. John Doe intended to cause apprehension of harmful or offensive contact.

70. John Doe's bump of Mr. Kiss was offended Mr. Kiss's dignity.

71. Mr. Kiss did not consent to being bumped by John Doe.

72. The bump by John Doe caused Mr. Kiss apprehension that harmful or offensive contact was imminent.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. A judgement for damages against Defendants;

B. An injunction against Defendants' enforcement of Oregon's mask mandate;

C. Attorney fees pursuant to 42 U.S.C. § 1983; and

D. Such other and further relief and the Court deems just.

Respectfully submitted,

Dated: February 21, 2022    By:    s/ *Stephen J. Joncus*

**Stephen J. Joncus**, OSB No. 013072
Email: steve@joncus.net
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Plaintiff Tiberiu S. Kiss*